**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CEDRIC HUTTON** | **CIVIL ACTION** |
| **VERSUS** | **NO:  17-8071** |
| **KRISTNA SHANMUGOM** | **SECTION: "R" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §636(b)(1)(B) and (C), §1915e(2), and §1915A**, and as applicable, **42 U.S.C. §1997e (c)(1) and (2)**. The Middle District of Louisiana entered a ruling on August 15, 2017 transferring Hutton's matter to the Eastern District of Louisiana. Rec. Doc. 6.

**I.     Background**

The plaintiff, Cedric Hutton, ("Hutton") is an inmate incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  Hutton filed suit against Dr. Kristna Shanmugom, a physician at University Hospital, on December 16, 2016 in the Middle District of Louisiana alleging he was not fully informed by Dr. Shanmugom of all possible risks associated with an eye surgery that was performed. R. Doc. 1. On December 22, 2015, Dr. Shanmugom performed eye surgery on Hutton for his glaucoma in which "a tube had to be implanted." *Id.* at p. 4. Following the surgery, Hutton developed a "cystic glaucoma bleb," which he states is a cyst on the eye itself. *Id.* at p. 5. Hutton alleges that Dr. Shanmugom failed to disclose the material risks associated with his surgery, specifically the possible risk of developing a cyst on his eye, and because he failed to disclose such risks, Dr. Shanmugom did

1

not have Hutton's valid informed consent. *Id.* Hutton contends that he was only made known of certain risks such as heavy bleeding, severe pain, eye infection, and possible blindness. *Id*. He further alleges that he was only made aware of the possible risk of a cyst when he was seen by Dr. Shanmugom in a post-surgical follow-up appointment on March 10, 2016. *Id.*

As a result, Hutton seeks an order from the court permitting him to go to another hospital to have surgery in order to rectify the damage to his eye. *Id.* at p. 6. He further seeks an award of damages in the amount of $100,000.00 for the disfigurement of his eye, negligence of Dr. Shanmugom, physical damage, and emotional damage. *Id.*

## II.    Standard of Review

Title 28 U.S.C. §§ 1915, 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an

indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Analysis-Claims Against Dr. Shanmugom

Hutton raised four separate claims against Dr. Shanmugom in his complaint: (1) negligence; (2) medical malpractice; (3) lack of informed consent; and (4) breach of contract by a physician. Each of these claims are governed by the Louisiana Medical Malpractice Act ("LMMA"). La. R.S. 40:1231.1 *et seq*. Under this statute, malpractice is any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider to a patient. La. R.S. 40:1231.1(A)(13). Physicians are covered under the Louisiana Medical Malpractice Statute as qualified health care providers. La. R.S. 40.1231.1(10). No liability is imposed upon any health care provider on the basis of an alleged breach of contract, whether by express or implied warranty, assuring results to be obtained from any procedure undertaken in the course of health care unless such contract is expressly set forth in writing and signed by the health care provider. La. R.S. 40.1231.1(C).

Any plaintiff alleging claims under the LMMA must first submit those claims to a medical review panel prior to filing suit. La. R.S. 40:1231.8; *See also John v. Woods*, No. 15-CV-1701, 2016 WL 7852369, at *3 (W.D. La. Nov. 22, 2016), *report and recommendation adopted*, No. 2:15-CV-01701, 2017 WL 253667 (W.D. La. Jan. 18, 2017). This requirement also applies to malpractice claims that are brought within §1983 actions. *See Ricks v. City of Alexandra*, 2012 WL 3255122, *5-*6 (W.D. La. Jun. 25, 2012); *Ford v. Cain*, 2016 WL 923111, *2 (M.D. La. Mar. 10, 2016) (dismissing malpractice claims within §1983 actions as premature under LMMA); Premature medical malpractice suits falling under the Louisiana

Medical Malpractice Act are subject to dismissal. *See Adams v. Foti*, 2004 WL 241859, at *4 (E.D. La. Feb. 5, 2004).

Hutton alleges in his complaint that Dr. Shanmugom was negligent in failing to fulfill his duties as a physician, which requires him to state all possible risks associated with the medical procedure to be performed and Dr. Shanmugom's only mentioned the post-surgical complication of a cyst in a follow-up appointment. Rec. Doc. 1, pp. 4-5. Any assertion of medical negligence falls squarely within the bounds of the LMMA. Hutton's allegations of failing to state all possible risks prior to the surgery would need to be further assessed by a medical review panel to determine whether he deviated from the standard of care required of a similarly situated physician. Hutton's allegations of breach of contract by Dr. Shanmugom also fall under the Louisiana Medical Malpractice Act and would first need to be reviewed by a medical review panel. Finally, Hutton has not provided any allegations in his complaint stating that Dr. Shanmugom's acts were intentional, therefore all the allegations in the complaint arise under the Louisiana Medical Malpractice Act.

### IV.   Recommendation

It is therefore **RECOMMENDED** that Hutton's §1983 claims against Dr. Kristna Shanmugom be **DISMISSED WITHOUT PREJUDICE** as premature.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 22nd day of May, 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.